MICHAEL J. STORTZ (SBN 139386)
Michael.Stortz@dbr.com
MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California  94105-2235
Telephone:     415-591-7500
Facsimile:     415-591-7510

SEAMUS C. DUFFY*
seamus.duffy@dbr.com
MICHAEL W. MCTIGUE JR.*
michael.mctigue@dbr.com
MEREDITH C. SLAWE*
meredith.slawe@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700
Facsimile:     (215) 988-2757

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS, LLC
*pro hac vice to be sought

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HODGES, for himself, and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**NOTICE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant Comcast Cable Communications, LLC ("Defendant") hereby removes this action from the Superior Court of California, Alameda County, to the United States District Court for the Northern District of California.[1]  In support of this removal, Defendant states as follows:

**I.**

**JURISDICTIONAL STATEMENT – FEDERAL QUESTION JURISDICTION**

1.      Under 28 U.S.C. § 1331, the United States District Court has original jurisdiction of all civil actions arising under the laws of the United States.

2.      Counts I through III of Plaintiff's Complaint allege claims under the subsection of the Cable Communications Policy Act of 1984 governing protection of subscriber privacy, 47 U.S.C. § 551 (the "Cable Act"), over which this Court has original jurisdiction.  *See* Compl. ¶¶ 33-39; *see also id.* ¶¶ 10-13.

3.      Count VI of Plaintiff's Complaint advances a claim under California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* (the "UCL").  *See id.* ¶¶ 44-47.  The predicate "unlawful" acts identified by Plaintiff in Count VI of his Complaint include alleged violations of the Cable Act—in other words, violations of federal law.  *See id.* ¶ 46(a)-(c). This claim also arises under federal law and can be removed to federal court.  *See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g*, 545 U.S. 308 (2005); *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 840 (9th Cir. 2004); *D'Alessio v. NYSE*, 258 F.3d 93 (9th Cir. 2001); *Sparta Surgical Corp. v. NASD,* 159 F.3d 1209 (9th Cir. 1998); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998); *Nat'l Credit Reporting Ass'n v. Experian Info. Solutions, Inc.*, C04-01661WHA, 2004 WL 1888769 (N.D. Cal. July 21, 2004).

4.      This Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1331, making this action removable pursuant to 28 U.S.C. §§ 1441(a).  This Court further has

---

[1]      By removing this action, Defendant does not waive any defenses, objections or motions available to it under state or federal law.

1  supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as the state law

2  claims derive from "a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*,

3  383 U.S. 715, 725 (1966).

4  **II.**

5  **JURISDICTIONAL STATEMENT – THE CLASS ACTION FAIRNESS ACT**

6  5.      As a separate and independent basis for removal, Defendant removes this action

7  pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005),

8  which grants federal courts diversity jurisdiction over putative class actions that have:  (1) been

9  commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and

10  (4) an aggregate amount in controversy in excess of $5,000,000.  *See* 28 U.S.C. §§ 1332 note,

11  1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(2).  This putative class action satisfies every applicable

12  jurisdictional prerequisite.[2]

13  **A.**    **Commencement**

14  6.      CAFA applies to civil actions that are commenced after CAFA's effective date,

15  *i.e.*, after February 18, 2005.  *See* 28 U.S.C. § 1332 note.

16  7.      Plaintiff Brandon Hodges ("Plaintiff") commenced this action on February 21,

17  2018, by filing a Complaint in the Superior Court of California, Alameda County, under the caption

18  *Brandon Hodges et al. v. Comcast Cable Communications, LLC et al.*, No. Rg18893764.

19  *See* Compl. (attached as part of Exhibit A).

20  8.      Accordingly, this action was commenced after February 18, 2005.

21  **B.**    **Minimal Diversity**

22  9.      CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs

23  ───────────────

24  [2]      Strictly speaking, CAFA's amount-in-controversy requirement is located in § 1332, which applies to actions that are filed by plaintiffs, not in § 1453, which applies to actions that are removed

25  by defendants.  Although normally an action is only removable if it could have been filed in federal court originally, Congress can "expressly provid[e]" otherwise.  *See* 28 U.S.C. § 1441(a).  Here, Section 1453(b) states that an action may be removed so long as it is a "class action."  *See* 28 U.S.C.

26  § 1453(b).  Nothing in Section 1453(b) suggests that removed actions must satisfy Section 1332. *Cf.* 14B Charles A. Wright et al., Federal Practice & Procedure § 3724 (4th ed. 2009).  Indeed, the

27  plain language of Section 1453 suggests otherwise, as it incorporates Section 1332's definition of "class action" but not its various other requirements.  *See* 28 U.S.C. § 1453(a).  This is an academic

28  point here, however, as Section 1332(d) is satisfied in any event.  *See infra*.

1  is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Serrano*

2  *v. 180 Connect, Inc.*, 478 F.3d 1018, 1020, 1021 (9th Cir. 2007) ("[U]under CAFA, complete

3  diversity is not required; 'minimal diversity' suffices." (citations omitted)).

4  　　　　10.　　Comcast Cable Communications, LLC is a citizen of the Commonwealth of

5  Pennsylvania and the State of Delaware because it is organized under the laws of Delaware and has

6  its principal place of business in Pennsylvania. *See* Compl. ¶ 4; *see also* 28 U.S.C. § 1332(d)(10)

7  ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed

8  to be a citizen of the State where it has its principal place of business and the State under whose

9  laws it is organized.").

10  　　　　11.　　Plaintiff alleges that he is a resident of California.　*See* Compl. ¶ 3.　Upon

11  information and belief, Plaintiff has no present intention to relocate to another state and is therefore

12  not only a resident, but also a domiciliary and citizen, of California. *See, e.g.*, *Newman-Green, Inc.*

13  *v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (discussing residence, domicile, and citizenship);

14  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (same).

15  　　　　12.　　Plaintiff defines the putative class as "[a]ll persons in California with a residential

16  Comcast cable television subscription at any time during the applicable statutory limitations

17  period(s)." Compl. ¶ 25.

18  　　　　13.　　Accordingly, there is minimal diversity between at least one defendant (Defendant

19  is not a citizen of California) and at least one plaintiff (Plaintiff is a resident and citizen of

20  California) or unnamed member of the putative class (all of whom received service in California

21  and not all of whom are citizens of Pennsylvania or Delaware). *See* 28 U.S.C. § 1332(d)(2)(A).

22  **C.　　Numerosity**

23  　　　　14.　　CAFA does not apply to class actions "in which . . . the number of members of all

24  proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

25  　　　　15.　　Plaintiff defines the putative class as "[a]ll persons in California with a residential

26  Comcast cable television subscription at any time during the applicable statutory limitations

27  period(s)." Compl. ¶ 25.

28  　　　　16.　　Plaintiff alleges that the putative class is "so numerous that joinder of all Class

members is impracticable." *Id.* ¶ 28.

17.     There were substantially more than 100 persons in California with residential Comcast cable television subscriptions in the year preceding the filing of this action.

18.     Accordingly, there are more than 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).

**D.     <u>Amount in Controversy</u>**

19.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).

20.     "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated."  *Id.* § 1332(d)(6).

21.     Plaintiff claims that Comcast has violated federal and California statutory law and requests as redress (among other things) "liquidated damages to Plaintiff and each Class member computed at the rate of $100 a day for each day of violation of 47 U.S.C. § 551 or $1,000, whichever is higher," "statutory damages of $5,000 per violation of Penal Code § 637.5 for Plaintiff and each Class member," and "punitive damages."  Compl., Prayer for Relief ¶¶ 2-4.

22.     Plaintiff also seeks class-wide injunctive relief requiring Defendant to, among other things, change its procedures and subscriber notices regarding subscriber video activity data. *See id.*, Prayer for Relief ¶ 1.  The costs associated with implementing these potential remedies would be substantial.

23.     Plaintiffs also seek an award of attorneys' fees and costs.  *See id.*, Prayer for Relief ¶ 5.  Awards of attorneys' fees and costs may be included in the amount in controversy. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  A fee award in a certified class action can often amount to as much as thirty percent (30%) of a class's recovery, which could increase the amount in controversy by 30% or, put another way, to 130% of the class's claimed recovery. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (citing cases); *Jasso v. Money*

1  *Mart Exp., Inc.*, No. 11-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (stating that fee

2  award of 25% of class recover was "not unreasonable").

3      24.    The amount in controversy would increase if it included alleged damages that accrue

4  after the date of this Notice of Removal. *See, e.g.*, *Lao v. Wickes Furniture Co.*, 455 F. Supp. 2d

5  1045, 1050 (C.D. Cal. 2006) (including "future damages" in amount in controversy because class

6  period continued from date of filing to date of certification); *Home Depot v. Rickher*, No. 06-8006,

7  2006 WL 1727749, at *2 (7th Cir. May 22, 2006) (including future effects of injunction in

8  calculation of amount in controversy).

9      25.    Although Defendant denies that it has any liability to Plaintiff or anyone else, and

10  denies that the putative class could be properly certified under Federal Rule of Civil Procedure 23,

11  the aggregate amount placed "in controversy" by the Complaint—that is, the aggregate value of all

12  damages and fees sought and the costs of complying with all equitable relief sought—exceeds

13  $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class

14  members shall be aggregated to determine whether the matter in controversy exceeds the sum or

15  value of $5,000,000, exclusive of interest and costs.").

16      26.    Because this is a putative class action that was commenced after February 18, 2005

17  in which there is minimal diversity, more than 100 putative class members, and more than

18  $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction.

19  *See* 28 U.S.C. § 1332(d)(2)(A).

20      27.    This Court therefore also has jurisdiction over this action pursuant to 28 U.S.C.

21  § 1332, making this action removable pursuant to 28 U.S.C. §§ 1441(a).

22                              **III.**

23                    **PROCEDURAL STATEMENT**

24  **A.    Timeliness**

25      28.    Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice

26  of Removal has been timely filed within thirty (30) days of service because Plaintiff purported to

27  serve Defendant on February 22, 2017. *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526

28  U.S. 344, 351-52 (1999).

**B.**     **Defendant**

29.     Pursuant to 28 U.S.C. § 1453(b), a putative class action may be removed "without regard to whether any defendant is a citizen of the State in which the action is brought." Nevertheless, Defendant is not a citizen of the state in which this action was brought.

**C.**     **District**

30.     Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because it embraces the Superior Court of California, Alameda County, where this action is now pending.  *See* 28 U.S.C. § 84(a).

**D.**     **Intradistrict Assignment**

31.     This action arises in Alameda County, where it is now pending in the Superior Court of California, because Plaintiff alleges that a substantial part of the events or omissions which give rise to his claim occurred in Alameda County.  *See* Compl. ¶¶ 6 (alleging Plaintiff "resides in Alameda County and his contract with Comcast was to be performed in Alameda County"), 19 (alleging Plaintiff "subscribed to Comcast cable television service for his residence in Oakland"); Civil L.R. 3-2(c).  Accordingly, this action properly is assigned either to the Oakland Division or to the San Francisco Division.  *See* Civil L.R. 3-2(d).

**E.**     **Attachments**

32.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings and orders that Plaintiff purportedly served on Defendant as of the date of this Notice are attached collectively as Exhibit A.

**F.**     **Evidence**

33.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

**G.**     **Notices**

34.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Superior Court of California, Alameda County, and give written notice of the

1    removal of this action to counsel for Plaintiff.

2    **H.**    **Defenses**

3        35.    By removing this action to this Court, Defendant does not concede that it has any

4    liability, let alone liability of greater than $5,000,000, to the members of the putative class.

5    *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The

6    defendant] did not have to confess liability in order to show that the controversy exceeds the

7    threshold."). Rather, "[t]he amount in controversy is simply an estimate of the total amount in

8    dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*,

9    627 F.3d 395, 400 (9th Cir. 2010) (citing cases); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2008

10   WL 2002511, at *5 (N.D. Cal. May 7, 2008) ("[D]efendants cannot be expected to try the case

11   themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to

12   the Court that a certain number of . . . violations did indeed occur.").

13       36.    By removing this action to this Court, Defendant does not waive any defenses,

14   objections or motions available to them under state or federal law. Defendant expressly reserves

15   the right to move to dismiss or for judgment in favor of Defendant pursuant to Rules 12 and 56 of

16   the Federal Rules of Civil Procedure, to strike or oppose the certification of any putative class

17   pursuant to Federal Rule of Civil Procedure 23, and to move to compel arbitration of Plaintiff's

18   claims pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

19       **WHEREFORE**, Defendant respectfully removes this action from the Superior Court of

20   California, Alameda County, to the United States District Court for the Northern District of

21   California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1   Dated: March 23, 2018                    DRINKER BIDDLE & REATH LLP

2

3                                            By: /s/ Michael J. Stortz
                                                 Michael J. Stortz
4                                                Matthew J. Adler

5                                                Seamus C. Duffy
                                                 Michael W. McTigue Jr.
6                                                Michael P. Daly
                                                 Meredith C. Slawe
7
                                             Attorneys for Defendant
8                                            COMCAST CABLE COMMUNICATIONS,
                                             LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

2/22/18 @34

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Comcast Cable Communications, LLC, a Delaware limited liability company; and Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Brandon Hodges, for himself, and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ENDORSED
FILED
ALAMEDA COUNTY

FEB 21 2018

CLERK OF THE SUPERIOR COURT
By _____
TANIA PIERCE Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>Oakland, Rene C. Davidson Alameda County Courthouse<br>1225 Fallon St., Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>Rg18893764 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ray E. Gallo, Gallo LLP, 1299 4th St., Ste. 505, San Rafael, CA 94901; (415) 257-8800

| | | | |
|---|---|---|---|
| DATE: 2/20/2018<br>*(Fecha)* | Chad Finke | Clerk, by<br>*(Secretario)* TANIA PIERCE | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Comcast Cable Communications, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17701.16 (Limited Liability Company)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  Ray E. Gallo (SBN 158903)
   rgallo@gallo.law
2  Dominic Valerian (SBN 240001)
   dvalerian@gallo.law
3
   GALLO LLP
4  1299 Fourth St., Suite 505
   San Rafael, CA 94901
5  Telephone: 415.257.8800

6  Hank Bates (SBN 167688)
   hbates@cbplaw.com
7  CARNEY, BATES & PULLIAM, PLLC
   519 West 7th Street
8  Little Rock, AR 72201
9  Telephone: 501.312.8500

10  Attorneys for Plaintiff

11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF ALAMEDA

14  Brandon Hodges, for himself, and all      Case No. RG18893764
    others similarly situated,                CLASS ACTION
15
16              Plaintiff,                     COMPLAINT FOR DAMAGES AND
         vs.                                   INJUNCTIVE RELIEF BASED ON:
17
    Comcast Cable Communications, LLC, a      1. Violation of 47 U.S.C. § 551(a)
18  Delaware limited liability company; and
    Does 1-50, inclusive,                     2. Violation of 47 U.S.C. § 551(b)
19
                                              3. Violation of 47 U.S.C. § 551(d)
20              Defendants
                                              4. Violation of Cal. Pen. Code § 637.5(a)(1)
21
                                              5. Violation of Cal. Pen. Code § 637.5(d)
22
                                              6. Violation of Bus. & Prof. Code § 17200 et seq.
23
                                                 DEMAND FOR JURY TRIAL
24

25

26

27

28
                                        Page 1
                                      COMPLAINT

1   Plaintiff, for himself and all others similarly situated, complains as follows:

2    1.    This is a California class action against Comcast Cable Communications, LLC

3   ("Comcast"), the nation's largest cable provider, for violating cable television subscribers'

4   statutory privacy rights.

5    2.    The allegations herein that relate to Plaintiff's personal actions are made based on

6   his personal knowledge. The balance are made on information and belief based on the

7   investigation of counsel.

8   **Parties**

9    3.    Plaintiff Brandon Hodges is, and at all relevant times was, an individual residing in

10   Oakland, California.

11    4.    Defendant Comcast Cable Communications, LLC is a Delaware limited liability

12   company with its principal place of business in Philadelphia, Pennsylvania.

13    5.    Plaintiff is unaware of the true identities of those Defendants sued herein as Does 1

14   through 50, inclusive, and therefore sue such Defendants by these fictitious names. Plaintiff will

15   seek leave of Court to amend this Complaint to identify these fictitiously named Defendants when

16   identified. Each fictitiously named Defendant is liable in some manner for the injuries and

17   damages alleged by Plaintiff.

18   **Venue**

19    6.    Venue is proper in this county under Code of Civil Procedure § 395 because

20   Plaintiff Brandon Hodges resides in Alameda County and his contract with Comcast was to be

21   performed in Alameda County.

22   **Comcast's Collection of Personally Identifiable Information**

23    7.    Comcast's cable system automatically, generates, transmits, and collects data about

24   subscribers' cable television viewing activity ("video activity data"), including which channels,

25   programs, and advertisements subscribers view and for how long.[1]

26

27   _____

[1] Comcast Customer Privacy Notice, Updated January 1, 2018, § I. Collection of Information,

28   Information We Collect When You Use The Services, https://www.xfinity.com/corporate/customers/policies/customerprivacy (last visited Feb. 19, 2018).

**COMPLAINT**

8.     Comcast disclosures show that the video activity data Comcast collects is personally identifiable information ("PII") under 47 U.S.C. § 551 and individually identifiable information ("III") under Cal. Pen. Code § 637.5(f)(2):

      a.     The Comcast Customer Privacy Notice in place from August 1, 2015 to January 1, 2018 acknowledged that Comcast may "combine information about, [the subscriber's] use of [Comcast's] cable services with other information [Comcast] obtain[s] from [its] business records (such as [the subscriber's] Comcast account number or device identifiers), or from third parties, to deliver better and more relevant products, services and advertising." Video activity data linked to an account number or device identifier is PII because Comcast can identify the subscriber associated with the video activity data from its records linking account numbers and device identifiers with specific subscribers.

      b.     Comcast touts its ability to target viewers and measure purchasing behavior at the household level through its addressable advertising service. With this service, Comcast lets advertisers direct advertising to specific subscribers by name or characteristics. To help measure the efficacy of the addressable advertisements, Comcast provides household level advertisement exposure data to a "third-party matching agent" such as Experian, which combines Comcast's video activity data with household-level purchasing data.[2] For the third-party matching agent to link Comcast's household-level advertisement exposure data with the advertiser's purchasing data, the matching agent needs a unique identifier from Comcast and the advertiser (or its data provider). Comcast cannot provide such a unique identifier unless the advertisement exposure data it collects is personally identifiable.

---

[2] Sam Thielman, *Comcast to Tap Set-Top Data for Advanced Advertising Service*, Adweek, Jan. 30, 2014, http://www.adweek.com/tv-video/comcast-tap-set-top-data-advanced-advertising-service-155335/ (last visited Feb. 19, 2018).

**COMPLAINT**

9.      Comcast also collects personally identifiable demographic data about its subscribers, including their age, gender, presence and age of children, education, occupation, ethnicity, marital status, household size, property ownership, mortgage/loan/insurance data, automotive ownership, general interests, magazine subscriptions, and wealth/financial status.[3] This data is personally identifiable because it is linked to and concerns a particular subscriber. Comcast maintains this information in its audience database and uses it for a variety of advertising purposes including, *inter alia*, measuring the popularity of programs among subscribers based on their characteristics and targeting advertisements to specific households and groups of households based on their characteristics.

### Statutory Violations

10.     Comcast's treatment of personally identifiable video activity data and demographic data violates several provisions of the Cable Communications Policy Act of 1984 (the "Cable Act"), 47 U.S.C. § 521 *et seq*. Comcast is subject to the Cable Act's protections for subscriber privacy set forth in 47 U.S.C. § 551 because it is a "cable operator" as the term is defined in 47 U.S.C. § 551(a)(2)(C).

11.     The Cable Act requires cable operators to provide written notice to their subscribers, upon contracting and annually thereafter, "which clearly and conspicuously informs the subscriber of—", among other things, "the period during which [PII collected ... with respect to the subscriber] will be maintained by the cable operator...." 47 U.S.C. § 551(a)(1). Throughout the relevant period, Comcast's Privacy Notice has failed to clearly and conspicuously tell subscribers how long Comcast would maintain their personally identifiable information, including video activity data and demographic data. Instead, the Privacy Notice opaquely states that Comcast maintains information that personally identifies the subscriber while he or she subscribes to one or more of Comcast's services and for a period of time after the subscriber no longer subscribes to a Comcast service "if the information is necessary for the purposes for which it was

---

[3] Comcast Spotlight, Audience Intelligence: Data, https://www.comcastspotlight.com/ad-solutions/overview/audience-intelligence-data (last visited Feb. 19, 2018).

### COMPLAINT

1  collected or to satisfy legal requirements."[4] This statement does not disclose how long Comcast

2  maintains subscribers' PII.

3       12.    The Cable Act requires that cable operators obtain the "written or electronic

4  consent of the subscriber concerned" prior to using the cable system to collect PII concerning any

5  subscriber (subject to certain inapplicable exceptions). 47 U.S.C. § 551(b). Comcast violated (and

6  continues to violate) this requirement by systematically and automatically collecting personally

7  identifiable video activity data from subscribers for advertising purposes without their prior

8  written or electronic consent.

9       13.    The Cable Act requires cable operators to provide subscribers access to all PII

10  regarding themselves which the cable operator collected and maintains. 47 U.S.C. § 551(d).

11  Comcast does not provide cable subscribers who request access to their PII with a copy of all PII

12  regarding that subscriber that Comcast has collected and maintains. Rather, when subscribers

13  request access to the PII associated with their account, Comcast provides only the subscriber's

14  name, partial social security number, address, and telephone number without providing any of the

15  video activity data or demographic data that Comcast maintains.

16       14.    Comcast's conduct also violates the California Invasion of Privacy Act ("CIPA"),

17  Cal. Penal Code § 630 *et seq*. Comcast is subject to CIPA's cable subscriber privacy protections

18  set forth in Cal. Pen. Code § 637.5 because it is a "person" that owns, controls, operates, or

19  manages a "cable television corporation" as those terms are defined in Cal. Pen. Code § 637.5(f).

20       15.    CIPA prohibits any "person who owns, controls, operates, or manages a ... cable

21  television corporation" from "us[ing] any electronic device to record, transmit, or observe any

22  events ... that take place inside a subscriber's residence, workplace, or place of business, without

23  obtaining the express written consent of the subscriber." Cal. Pen. Code § 637.5(a)(1). Comcast

24  violated and continues to violate this prohibition by using electronic devices—namely subscribers'

25

26  ───────────────────

27  [4] Comcast Customer Privacy Notice, Updated January 1, 2018, § VII. Other Important
    Information, Data Retention, https://www.xfinity.com/corporate/customers/policies/
28  customerprivacy (last visited Feb. 19, 2018).

**COMPLAINT**

1  cable boxes[5]—to record, transmit, and observe events that take place inside subscribers'
2  residences, including which channels, programs, and advertisements they watch and when they
3  watch them, without subscribers' express written consent.

4       16.    CIPA requires that "[u]pon a subscriber's application for … cable television
5  service, … a … cable television corporation shall provide the applicant with a separate notice in
6  an appropriate form explaining the subscriber's right to privacy protection afforded by [Cal. Pen.
7  Code § 637.5]." Cal. Pen. Code § 637.5(e). Comcast does not provide a separate notice explaining
8  subscribers' privacy rights under CIPA, but relies on the same Customer Privacy Notice it uses to
9  fulfill its Cable Act notice obligations to satisfy this requirement. Comcast's Privacy Notice does
10  not satisfy this requirement because, *inter alia,* it is not separate from the notice Comcast provides
11  pursuant to the Cable Act and it does not inform subscribers of their privacy rights under CIPA,
12  including the protections of Cal. Pen. Code § 637.5(a)(1).

13       17.    CIPA requires that "[a]ny individually identifiable subscriber information gathered
14  by a … cable television corporation shall be made available for subscriber examination within 30
15  days of receiving a request by a subscriber to examine the information on the premises of the
16  corporation." Cal. Pen. Code § 637.5(d). Comcast does not provide cable subscribers who request
17  access to their individually identifiable subscriber information with a copy of all of the
18  individually identifiable subscriber information that Comcast gathered. Rather, when subscribers
19  request access to their individually identifiable subscriber information, Comcast provides only the
20  subscriber's name, partial social security number, address, and telephone number without
21  providing any of the video activity data that Comcast maintains.

22       18.    Comcast is continuing to engage in all of the unlawful conduct alleged herein so
23  Plaintiff, Class members, and the general public face continuing, present adverse effects and
24  likelihood of future injury from Comcast's conduct.

25  **Plaintiff**

26       19.    Plaintiff Brandon Hodges subscribed to Comcast cable television service for his

27

28  [5] Plaintiff reserves the right to assert CIPA violations as to any further devices subsequently
disclosed or discovered.

Page 6

**COMPLAINT**

1    residence in Oakland from in or about December 2015 to January 31, 2018.

2        20.    When Plaintiff's Comcast cable television subscription began, and at least once a

3    year thereafter, Comcast provided Plaintiff with a copy of its Customer Privacy Notice, which

4    suffered from the above alleged deficiency.

5        21.    Comcast never sought or obtained Plaintiff's electronic or written consent to collect

6    his video activity data (personally identifiable or otherwise) using its cable system.

7        22.    Upon the start of his cable subscription, Comcast provisioned Plaintiff with a set-

8    top cable box. Plaintiff watched cable television using the set-top cable box during his cable

9    subscription. Throughout Plaintiff's subscription to Comcast's cable television service, Comcast

10   collected and maintained Plaintiff's personally identifiable video activity data and demographic

11   data pursuant to the standardized practices alleged above.

12       23.    Mr. Hodges requested that Comcast produce the PII associated with his account in

13   or about November 2017. In response, Comcast provided Mr. Hodges with only his name, the last

14   four digits of his social security number, his service address, and his telephone number.

15       24.    Mr. Hodges, who is no longer a Comcast cable television subscriber, faces a threat

16   of imminent or actual harm because, *inter alia*, Comcast continues to maintain and use his

17   wrongfully obtained video activity data; Comcast is in continuing breach of its statutory duty to

18   provide him with his PII and individually identifiable subscriber information; and he cannot make

19   an informed decision about whether to subscribe to Comcast cable television in the future without

20   knowing whether Comcast has ceased its unlawful practices.

21                              **Class Allegations**

22       25.    Pursuant to Code of Civil Procedure Section 382, Plaintiff brings this action on

23   behalf of themselves and the following class (the "Class"):

24               All persons in California with a residential Comcast cable television
                 subscription at any time during the applicable statutory limitations
25               period(s).

26       26.    Excluded from the Class are the following individuals: Officers and directors of

27   Comcast and its parents, subsidiaries, and affiliates, all judges assigned to hear any aspect of this

28   litigation, and all of the foregoing persons' immediate family members.

Page 7

**COMPLAINT**

27.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

28.     Numerosity: The Class is so numerous that joinder of all Class members is impracticable.

29.     Commonality: There are questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class, including:

   a.   Whether the video activity data and demographic data that Comcast collects, maintains, and uses, is PII under the Cable Act and/or III under CIPA;

   b.   Whether Comcast clearly and conspicuously informs subscribers of the period during which it maintains the personally identifiable video activity data and demographic data it collects;

   c.   Whether Comcast obtains prior written or electronic consent to collect video activity data for advertising purposes using its cable system;

   d.   Whether Comcast uses an electronic device to record, transmit, or observe events that take place inside its subscribers' residences; and

   e.   Whether Comcast obtains subscribers' express written consent to record, transmit, or observe their viewing activity.

30.     Typicality: Plaintiff's claims are typical of Class members' claims because Comcast systematically collected, maintained, and used Plaintiff's and Class members' personally identifiable information in the same manner.

31.     Adequacy of Representation: Plaintiff is a member of the Class, Plaintiff's interests do not conflict with the interests of other Class members, and Plaintiff's counsel are competent and experienced in litigating consumer class actions.

32.     Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Class action treatment will allow those

**COMPLAINT**

1  similarly situated persons to litigate their claims in the manner that is most efficient and

2  economical for the parties and the judicial system.

3
4  **First Cause of Action**
   **Violation of 47 U.S.C. § 551(a)**
   **(On behalf of Plaintiff and the Class)**

5      33.    Plaintiff incorporates all preceding paragraphs as though repeated here.

6      34.    In violation of 47 U.S.C. § 551(a)(1)(C), Comcast failed to clearly and

7  conspicuously notify subscribers (including Plaintiff) in writing, at the requisite times, of the

8  period during which it maintains their PII, including video activity data and demographic data.

9
10  **Second Cause of Action**
   **Violation of 47 U.S.C. § 551(b)**
   **(On behalf of Plaintiff and the Class)**

11     35.    Plaintiff incorporates all preceding paragraphs as though repeated here.

12     36.    In violation of 47 U.S.C. § 551(b), Comcast used its cable system to collect

13  personally identifiable video activity data concerning its subscribers (including Plaintiff) for

14  advertising purposes without their prior written or electronic consent.

15     37.    Comcast's collection of video activity data concerning its subscribers for

16  advertising purposes is not permitted under 47 U.S.C. § 551(b)(2) because such collection is not

17  for the purpose of: (A) obtaining information necessary to render a cable service or other service

18  provided by the cable operator to the subscriber; or (B) detecting unauthorized reception of cable

19  communications.

20
21  **Third Cause of Action**
   **Violation of 47 U.S.C. § 551(d)**
   **(On behalf of Plaintiff)**

22     38.    Plaintiff incorporates all preceding paragraphs as though repeated here.

23     39.    In violation of 47 U.S.C. § 551(d), Comcast failed to provide Plaintiff with access

24  to all PII regarding Plaintiff that Comcast collected and maintains after Plaintiff requested access

25  to his PII. Among other things, Comcast maintains personally identifiable video activity data and

26  demographic data about Plaintiff but did not produce it in response to Plaintiff's request for his

27  PII.

28

**COMPLAINT**

**Fourth Cause of Action**
**Violation of Cal. Pen. Code § 637.5(a)(1)**
**(On behalf of Plaintiff and the Class)**

40.     Plaintiff incorporates all preceding paragraphs as though repeated here.

41.     In violation of Cal. Pen. Code § 637.5(a)(1), Comcast used an electronic device—namely subscribers' cable boxes—to record, transmit, and observe events that took place inside Plaintiff's and Class members' residences, including which channels, programs, and advertisements Plaintiff and Class members watched and when they watched them, without the express written consent of Plaintiff and Class members.

**Fifth Cause of Action**
**Violation of Cal. Pen. Code § 637.5(d)**
**(On behalf of Plaintiff)**

42.     Plaintiff incorporates all preceding paragraphs as though repeated here.

43.     In violation of Cal. Pen. Code § 637.5(d), Comcast failed to make all of the individually identifiable subscriber information it gathered concerning Plaintiff available for examination within 30 days upon receiving a request for such information from Plaintiff. Among other things, Comcast failed to make the individually identifiable video activity data concerning Plaintiff that it gathered available for examination.

**Sixth Cause of Action**
**Violations of the Unfair Competition Law**
**Bus. & Prof. Code § 17200 *et seq.***
**(On behalf of Plaintiff and the Class)**

44.     Plaintiff incorporates all preceding paragraphs as though repeated here.

45.     California Business and Professions Code § 17200 *et seq.*, the Unfair Competition Law (the "UCL"), prohibits unfair, unlawful, and fraudulent business practices.

46.     Comcast violated the UCL's unlawful prong by, *inter alia*:

    a.      Failing to clearly and conspicuously notify subscribers (including Plaintiff) in writing, at the requisite times, of the period during which it maintains their PII, including video activity data and demographic data, in violation of 47 U.S.C. § 551(a);

    b.      Using its cable system to collect Plaintiff's and Class members' personally identifiable video activity data without their prior written or electronic

Page 10

**COMPLAINT**

1                consent in violation of 47 U.S.C. § 551(b);

2          c.   Failing to provide Plaintiff with access to all PII regarding Plaintiff that

3                Comcast collected and maintains after Plaintiff requested access to his PII

4                in violation of 47 U.S.C. § 551(d);

5          d.   Using an electronic device—namely subscribers' cable boxes—to record,

6                transmit, and observe events that took place inside Plaintiff's and Class

7                members' residences, including which channels, programs, and

8                advertisements Plaintiff and Class members watched and when they

9                watched them, without the express written consent of Plaintiff, in violation

10             of Cal. Pen. Code § 637.5(a)(1); and

11         e.   Failing to make all of the individually identifiable subscriber information it

12              gathered concerning Plaintiff available for examination within 30 days upon

13             receiving a request for such information from Plaintiff in violation of Cal.

14             Pen. Code § 637.5(d).

15     47.    Comcast's UCL violations resulted in the loss of money or property to Plaintiff in

16  that Comcast's unlawful collection of Plaintiff's video activity data diminished the value of

17  Plaintiff's Comcast cable service to a level below the price Plaintiff paid for it. Plaintiff would not

18  have paid as much—or at all—for Comcast's service had he known of Comcast's unlawful

19  activity described herein.

20                          **Prayer for Relief**

21     **WHEREFORE,** Plaintiff and the Class pray for relief and judgment as follows:

22    1.    For statewide public injunctive relief requiring Comcast to:

23         a.  clearly and conspicuously notify cable subscribers in writing, at the

24            requisite times, of the period during which it maintains their PII, including

25            video activity data and demographic data (under the Cable Act and UCL);

26         b.  stop using its cable system to collect cable subscribers' personally

27            identifiable video activity data for advertising purposes without their prior

28            written or electronic consent (under the Cable Act and UCL);

Page 11

c. destroy all personally identifiable video activity data collected from cable subscribers for advertising purposes without prior written or electronic consent and any information derived in whole or part from such data (under the Cable Act and UCL);

d. change its procedures to provide cable subscribers who request access to their PII with access to all such PII in Comcast's possession, including video activity data and demographic data (under the Cable Act and UCL);

e. stop using its cable system to record, transmit, or observe video activity data about cable subscribers without their express written consent (under CIPA and the UCL);

f. destroy all video activity data collected from cable subscribers through Comcast's cable system without their express written consent (under CIPA and the UCL);

g. provide cable subscribers who request access to their individually identifiable subscriber information with access to all such information gathered by Comcast within 30 days, including video activity data (under CIPA and the UCL).

2. For liquidated damages to Plaintiff and each Class member computed at the rate of $100 a day for each day of violation of 47 U.S.C. § 551 or $1,000, whichever is higher, pursuant to 47 U.S.C. § 551(f)(2)(A).

3. For statutory damages of $5,000 per violation of Penal Code § 637.5 for Plaintiff and each Class member pursuant to Penal Code § 637.2(a)(1).

4. For an award of punitive damages to Plaintiff and each Class member pursuant to 47 U.S.C. § 551(f)(2)(B).

5. For attorney's fees and expenses pursuant to all applicable laws including, without limitation, 47 U.S.C. § 551(f)(2)(C) and Code of Civil Procedure §1021.5.

6. For pre-judgment interest on any amounts awarded.

7. For such other and further relief as the Court deems just and proper.

Page 12

**COMPLAINT**

DATED: February 20, 2018                    RESPECTFULLY SUBMITTED,

                                            GALLO LLP
                                            CARNEY, BATES & PULLIAM, PLLC.


                                            By
                                               Ray E. Gallo

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Plaintiff demands a trial by jury of all matters so triable.

3

DATED:  February 20, 2018            **RESPECTFULLY SUBMITTED,**

4

5                        GALLO LLP
CARNEY, BATES & PULLIAM, PLLC

6

7                    By:

8                        Ray E. Gallo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 14

**DEMAND FOR JURY TRIAL**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Ray E. Gallo (SBN #158903); Dominic R. Valerian (SBN #240001)
Gallo LLP
1299 4th St, Ste. 505
San Rafael, CA 94901
TELEPHONE NO.: (415) 423-3573     FAX NO.: (415) 257-8844
ATTORNEY FOR *(Name):* Brandon Hodges

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Oakland - René C. Davidson Courthouse

CASE NAME:
Brandon Hodges v. Comcast Cable Communications, LLC, et al.

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

FEB 21 2018

CLERK OF THE SUPERIOR COURT
By ____ TANIA PIERCE Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited | [ ] Counter   [ ] Joinder | RG18893764 |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: 02/20/2018
Dominic Valerian
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Hodges v. Comcast Cable Communications, LLC, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Hayward Hall of Justice (447)

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (O) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [x] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

   o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                              Time:                              Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▷ _____
       (TYPE OR PRINT NAME)                            (SIGNATURE OF PLAINTIFF)

Date:

_____          ▷ _____
       (TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, rule 3.221(a)(4)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

⌐ GALLO LLP                          ┐     ⌐ Comcast Cable Communications, LLC    ┐
  Attn:  Valerian, Dominic R.
  1299 Fourth Street
  Suite 505
∟ San Rafael, CA   94901____        �millertext     ∟                                      ⌟

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Hodges | |
|---|---|
| | Plaintiff/Petitioner(s) |
| VS. | |
| Comcast Cable Communications, LLC | |
| | Defendant/Respondent(s) |
| | (Abbreviated Title) |

No. <u>RG18893764</u>

### NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/10/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Case Management Conference:
DATE: 05/15/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 02/26/2018                     Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By  _____
                                                                  Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 02/27/2018.

                                      By  _____
                                                                  Deputy Clerk

Ray E. Gallo (SBN 158903)
rgallo@gallo-law.com
Dominic Valerian (SBN 240001)
dvalerian@gallo-law.com
GALLO LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800

Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY, BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Phone: 501.312.8500
Attorneys for Plaintiff
Brandon Hodges

Attorneys for Plaintiff
Brandon Hodges

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| Brandon Hodges, for himself, and all others similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>Comcast Cable Communications, LLC, a Delaware limited liability company; and Does 1-50, inclusive,<br><br>               Defendants | Case No.  RG18893764<br><br>Dept. 23<br><br>**NOTICE OF PAYMENT OF ADVANCE JURY FEE**<br><br>Complaint Filed:      February 21, 2018 |

**NOTICE OF PAYMENT OF ADVANCE JURY FEE**

1    TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Plaintiff Brandon Hodges hereby submits a jury fee deposit

3    in the amount of $150 in the above-entitled action pursuant to California Code of Civil Procedure

4    Section 631(b).

5    DATED: 3/5/2018                                **RESPECTFULLY SUBMITTED,**

6                                                    **GALLO LLP**

7

8                                    By: _____

9                                         Dominic Valerian
                                          Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gallo LLP*
*1299 Fourth St., Suite 505*
*San Rafael, CA 94901*

**NOTICE OF PAYMENT OF ADVANCE JURY FEE**

1  Ray E. Gallo (SBN 158903)
   rgallo@gallo.law
2  Dominic Valerian (SBN 240001)
   dvalerian@gallo.law
3  GALLO LLP
4  1299 Fourth St., Suite 505
   San Rafael, CA 94901
5  Phone: 415.257.8800

6  Hank Bates (SBN 167688)
   hbates@cbplaw.com
7  CARNEY, BATES & PULLIAM, PLLC
8  519 West 7th Street
   Little Rock, AR 72201
9  Phone: 501.312.8500

10  Attorneys for Plaintiff
    Brandon Hodges
11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **COUNTY OF ALAMEDA**

14

15  Brandon Hodges, for himself, and all     Case No.  RG18893764
    others similarly situated,
16                                            Dept. 23
                Plaintiff,
17        vs.
                                             **PROOF OF SERVICE**
18  Comcast Cable Communications, LLC, a
    Delaware limited liability company; and
19  Does 1-50, inclusive,

20              Defendants                    Complaint Filed:      February 21, 2018

21

22

23

24

25

26

27

28
                              Page 1
                        **PROOF OF SERVICE**

**PROOF OF SERVICE**

| STATE OF CALIFORNIA | ) |
| --- | --- |
| | ) ss. |
| COUNTY OF MARIN | ) |

I am over the age of 18 years and not a party to the within action; my business address is 1299 Fourth St., Suite 505, San Rafael, California 94901. My address for electronic service is sshimizu@gallo.law.

On March 5, 2018, in the matter of *Hodges v. Comcast Cable Communications, LLC,* Alameda Superior Court Case No. RG18893764, I served true and correct copies of the following document(s):

**NOTICE OF HEARING (COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE)**

**NOTICE OF PAYMENT OF ADVANCE JURY FEE**

By the following means of service:

_X_ :By First-Class Mail – by enclosing the documents in an envelope and depositing the sealed envelopes with the United States Postal Service at San Rafael, California, with the postage fully prepaid and addressed as follows:

| | |
| --- | --- |
| Seamus C. Duffy<br>Michael W. McTigue<br>Meredith C. Slawe<br>DRINKER BIDDLE & REATH LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103 | *Registered Agent for Service of Process for Defendant Comcast Cable Communications, LLC* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 5, 2018, at San Rafael, California.

_____
Season Shimizu

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

**PROOF OF SERVICE**

20663816

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Dominic Valerian, 240001<br>Gallo LLP<br>1299 Fourth Street, Suite 505<br>San Rafael, CA 94901<br>TELEPHONE NO.: (415)257-8800 Ext 17<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br>FILED<br>ALAMEDA COUNTY<br>MAR 06 2018<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>D. OLIVER, Deputy |
| --- | --- |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street,  #109<br>Oakland, CA 94612-4293 | |
| --- | --- |

| PLAINTIFF/PETITIONER: Brandon Hodges<br><br>DEFENDANT/RESPONDENT: Comcast Cable Communications, LLC, et al. | CASE NUMBER:<br>RG18893764 |
| --- | --- |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1583.180219 |
| --- | --- |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:    Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR
     Packet, Stipulation ADR Packet

3. a. Party served:  Comcast Cable Communications, LLC, a Delaware limited liability company

   b. Person Served: CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served:  818 West Seventh Street, Suite 930
     Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to
     receive service of process for the party (1) on (date): 02/22/2018          (2) at (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

Comcast Cable Communications, LLC, a Delaware limited liability company
under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:     Jimmy Lizama
   b. Address:     One Legal - 194-Marin
          504 Redwood Blvd #223
          Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 02/23/2018

_____Jimmy Lizama_____
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 11751386 |
| --- | --- | --- |

20658445

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dominic Valerian, 240001<br>Gallo LLP<br>1299 Fourth Street, Suite 505<br>San Rafael, CA 94901<br>TELEPHONE NO.: (415)257-8800 Ext 17<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>**ALAMEDA COUNTY**<br>MAR 13 2018<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County |
| 1225 Fallon Street, #109 |
| Oakland, CA 94612-4293 |

| PLAINTIFF/PETITIONER: Brandon Hodges | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Comcast Cable Communications, LLC, et al. | RG18893764 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1583.180219 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR Packet, Stipulation ADR Packet

3. a. Party served:  Comcast Cable Communications, LLC, a Delaware limited liability company

   b. Person Served: CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  (date): 02/22/2018          (2) at   (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

Comcast Cable Communications, LLC, a Delaware limited liability company
under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:       Jimmy Lizama
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 4553
         (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  02/23/2018

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]
Code of Civil Procedure, § 417.10

**PROOF OF SERVICE OF SUMMONS**

OL# 11751386

MAR 13 2018