MICHAEL J. STORTZ (SBN 139386)
Michael.Stortz@dbr.com
MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:    415-591-7500
Facsimile:    415-591-7510

RAY E. GALLO (SBN 158903)
rgallo@gallo.law
DOMINIC VALERIAN (SBN 240001)
dvalerian@gallo.law
GALLO LLP
1604 Solano Ave., Suite B
Albany, CA 94707
Telephone:    415-257-8800

SEAMUS C. DUFFY*
seamus.duffy@dbr.com
MICHAEL W. MCTIGUE JR. *(pro hac vice)*
michael.mctigue@dbr.com
MEREDITH C. SLAWE *(pro hac vice)*
meredith.slawe@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone:    215-988-2700
Facsimile:    215-988-2757

HANK BATES (SBN 167688)
hbates@cbplaw.com
CARNEY, BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone:    501-312-8500

Attorneys for Plaintiff
BRANDON HODGES

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS, LLC
*pro hac vice* to be sought

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON HODGES, for himself, and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 4:18-cv-01829-HSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    June 19, 2018<br>Time:    2:00 p.m.<br>Ctrm:    2<br>Judge:   Hon. Haywood S. Gilliam, Jr. |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

CASE NO. 4:18-CV-01829-HSG

Plaintiff Brandon Hodges and Defendant Comcast Cable Communications, LLC jointly submit this Case Management Conference Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's April 5, 2018 Notice Setting Case Management Conference (Dkt. No. 17).

1.     **JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as Counts I through III of Hodges' Complaint allege claims under the Cable Communications Policy Act of 1984, 47 U.S.C. § 551 (the "Cable Act"). The parties also agree that the Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. The parties further agree that the Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

The parties are not presently aware of any issues regarding personal jurisdiction or venue. No parties remain to be served.

2.     **FACTS**

1.     **Plaintiff's Statement**

The complaint concerns Comcast's illegal data mining and user profiling practices (spying on its customers). Comcast programs its proprietary set-top cable boxes to collect and transmit every customer's viewing and usage history to Comcast. Comcast keeps that information and can connect it to the customer. Comcast does this:

- without providing the disclosures required by state and federal law;
- without getting the customer consent required by state and federal law;
- without providing access to the data, as required by state and federal law; and
- without systematically destroying the data—as and when required by state and federal law.

Comcast uses this illegally-collected-and-illegally-retained viewing history to target ads to specific customers based on what they watch. Comcast can and does profile and target individuals with such granularity that it can show an individual one ad and her neighbor a different one, at the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                    - 2 -                    CASE NO. 4:18-CV-01829-HSG

1  same time, on the same channel.

2       Because Comcast provides both cable and Internet services to its customers, it doesn't just

3  target a particular customer with specific ads on his or her TV, but on all that customer's Internet-

4  connected devices. Each device provides uniquely and individually-identifying data (such as, e.g.,

5  its device identifier) when connecting to the Internet over Comcast's network. Comcast records

6  that information. Having identified each customer's / household's TVs, smartphones, and

7  computers, Comcast can target each of those devices with ads intended for that

8  customer/household.

9       Comcast also collects and purchases data about the consumer to assemble a demographic

10  profile. Comcast targets ads based on customers' demographic characteristics, purchasing

11  histories, viewing histories, etc.

12       Comcast does all of this without its customers' consent and deprives customers of control

13  over their private data. Plaintiff requested his personal data, as collected and used by Comcast,

14  per his right under state and federal law. Comcast refused to provide it.

15       Comcast's practices are contemplated, and prohibited, by Section 551 of the Cable

16  Communications Policy Act of 1984, 47 U.S.C. §551 (the "Cable Privacy Act" or the "Cable

17  Act"), by the California Invasion of Privacy Act, Ca. Penal Code §637.5 ("CIPA"), and by

18  California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"). Plaintiff seeks

19  statewide public injunctive relief,[1] statutory damages, punitive damages, attorney's fees, and all

20  other relief deemed proper by the Court.

21       Comcast has moved to compel arbitration of Plaintiff's claims. *See* (Dkt. No. 7). Plaintiff

22  seeks, *inter alia*, public injunctive relief. The arbitration clause denies the arbitrator jurisdiction to

23  award this relief and provides that the arbitration agreement is void if any part of it is

24  unenforceable. *See,* (Dkt. No. 18).

25

26  [1] Specifically, Plaintiff seeks injunctive relief requiring Comcast to clearly and conspicuously notify its cable subscribers in writing, at the requisite times, of the period during which it maintains their personal data, including video activity data and demographic data; to cease using

27  its cable system to collect subscribers' personal data without prior express consent; to destroy all personal data collected absent prior consent; and to adopt policies and procedures allowing

28  customers to access and review all personal data collected by Comcast.

1

### 2.      Comcast's Statement

Plaintiff's counsel is engaged in a campaign of asserting baseless claims against Comcast concerning its practices regarding subscriber data.  They recently pursued substantially similar claims on behalf of a different former Comcast subscriber in an individual arbitration proceeding, and purport to represent approximately 25 Comcast subscribers residing outside of California who have asserted similar claims that they intend to pursue in separate individual arbitration proceedings around the country.

Starting in 2015, Plaintiff subscribed to Comcast's cable television and internet services at his Oakland residence.[2]  Plaintiff acknowledges that when he began his cable television subscription, and at least once a year thereafter, (Complaint, ¶ 20), Comcast sent him the Comcast Customer Privacy Notice (the "Privacy Notice").

The first section of the first page of the Privacy Notice notifies readers that this document "describes (1) the types of information Comcast collects when you subscribe to, use, and/or access our Services; (2) how we use, share, and protect that information; (3) how long we retain that information; and (4) the legal limitations imposed on our collection, use, and sharing of information that personally identifies you."[3]  The Privacy Notice further notifies readers that it provides "information about how to access, review, and correct information that personally identifies you, how to set privacy preferences and opt out of certain uses and sharing of information, and your rights under federal law and this Notice concerning your personally identifiable information."  *Id.*  The Privacy Notice then addresses each of these topics, in detail, under separate, boldfaced headings titled:  "**I. Collection of Information**,"[4] "**II. Use of**

---

[2] On January 31, 2018, Plaintiff cancelled his cable television services but maintained internet services at his residence.

[3] Decl. of Alicia Wade in Supp. of Def.'s Mot. to Compel Individual Arbitration and Stay Litig. [Dkt. No. 8] ("Wade Decl."), Ex. 6 [Dkt. No. 8-6] (Privacy Notice) at 1.

[4] *See id.* at 2–3.  This section includes a subsection, under the boldfaced heading "**Information Provided by Third Parties**," which addresses the types of data and information Comcast may obtain from third parties, including, for example, "credit information from credit reporting agencies" and "demographic data," "location data," "interest data," and "purchase data."  *Id.* at 3. Comcast discloses that it "may combine the data [it] collect[s] from third parties with information in [its] business records, including information about your use of the Services," and "may also combine information about your use of the Services with information [it] obtain[s] from your use of other products, services, websites, and applications from Comcast."  *Id.*

- 4 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Information,"[5] "**III. Sharing & Disclosure of Information**,"[6] "**IV. Your Choices**,"[7] "**V. Your Rights under Federal and State Law**,"[8] and "**VI. Accessing and Correcting Information**."[9] The Privacy Notice includes a final subsection—"**VII. Other Important Information**"[10]— which discusses, among other subtopics, "**Data Retention**."[11]

Consistent with the Cable Act and CIPA, the Privacy Notice defines personally identifiable information ("PII") as "information that identifies you specifically; it does not include de-identified, anonymous, aggregate, or other data that does not identify you." *Id.* at 8; *see also* 47 U.S.C. § 551(a)(2)(A) (excluding from PII "any record of aggregate data which does not identify particular persons"); Cal. Penal Code § 637.5(f)(2) (excluding from definition of "Individually identifiable information" any "anonymous, aggregate, or any other information that does not identify an individual subscriber of a video provider service."). The Privacy Notice explains that Comcast may "collect [PII] when it is necessary to render cable services or other services to you," and may "use the cable system to collect [PII] about you for additional purposes with your prior written or electronic consent." Privacy Notice at 8.

Comcast's practices regarding subscribers' PII and other non-PII data—as conspicuously disclosed in its Privacy Notice—comply with federal and state law, and Plaintiff consented to those practices when he agreed to Comcast's terms of service, including those contained in the Privacy Notice and the Comcast Agreement for Residential Services (the "Subscriber

---

[5] *See id.* at 3–4.

[6] *See id.* at 4–6.

[7] *See id.* at 7. This section notifies readers regarding the "customer preference center," where they can manage, among other things, their preferences regarding "targeted advertising for third-party products and services based on [their] interests." *Id.* at 7.

[8] *See id.* at 7–8.

[9] *See id.* at 8–9. This section explains that readers may "examine [their] own [PII] . . . at [their] local Comcast office upon reasonable prior notice to [Comcast] and during [its] regular business hours." *Id.* at 8. The section further explains how to provide such prior notice to Comcast over the phone or via mail. *See id.*

[10] *See id.* at 9.

[11] *See id.* The "**Data Retention**" subsection explains that Comcast maintains PII in its "regular business records while you subscribe to one or more of the Services," and that "it also maintain[s] this information for a period of time after you no longer subscriber to a Service if the information is necessary for the purposes for which it was collected or to satisfy legal requirements. These purposes typically include business, legal, or tax purposes." The subsection further explains that, "[i]f these purposes no longer apply," however, Comcast "will destroy, de-identify, or anonymize the information according to [its] internal policies and procedures." *Id.*

Agreement").  While Comcast believes that Plaintiff's claims lack merit, however, the parties agreed that an arbitrator must decide those issues.  Plaintiff does not dispute that he accepted the Subscriber Agreement, including the arbitration agreement therein, which encompasses the claims asserted in his Complaint.  On that basis, Comcast has moved to compel Plaintiff's claims to individual arbitration.  *See* Motion to Compel Individual Arbitration and Stay Litigation (Dkt. No. 7) (the "Motion").  Plaintiff's only argument in opposition to the Motion is to challenge the enforceability of the arbitration agreement under California Civil Code section 3513, as construed in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).  However, Plaintiff's argument fails for several reasons, including that *McGill* is distinguishable from this case where here Plaintiff actually seeks private injunctive relief on behalf of a subset of Comcast subscribers, *not* public injunctive relief.[12]  The Motion is fully briefed, and noticed for hearing on September 6, 2018.

## 3.   LEGAL ISSUES

### 1.   Plaintiff's Statement

The arbitration question is whether Comcast's arbitration agreement, which purports to waive Plaintiff's right to seek public injunctive relief in any forum, is unenforceable under *McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017). Because Plaintiff seeks public injunctive relief, it is.

Concerning the merits, Plaintiff alleges that Comcast's collection and exploitation of subscribers' viewing data violates multiple provisions of the Cable Privacy Act and CIPA. Under the UCL, Comcast engages in "unlawful" business practices, predicated on the Cable Privacy Act and CIPA violations.

Plaintiff seeks to certify a California class (see Section 9 below). Given the uniformity of Comcast's practice and customer agreements, the proposed class is certifiable under Rule 23(b)(3) and/or 23(b)(2).

Plaintiffs reserve the right to raise further legal issues during future proceedings.

///

---

[12] *See, e.g., supra* n.1 (characterizing the injunctive relief he seeks on behalf of Comcast "cable subscribers").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                - 6 -                    CASE NO. 4:18-cv-01829-HSG

### 2.  Comcast's Statement

At the threshold, the primary legal issue in dispute relates to the enforceability of Comcast's arbitration agreement. Comcast refers to the briefing on that Motion, as previously filed with the Court. Comcast further believes that there are multiple legal grounds that are dispositive of Plaintiff's claims in Comcast's favor. Pursuant to the parties' agreement to arbitrate Plaintiff's claims, the arbitrator must resolve Plaintiff's claims.

## 4.  MOTIONS

**A. Plaintiff's Statement:** Plaintiffs anticipate filing motions for class certification and for summary judgment.

**B. Comcast's Statement:** Comcast's Motion to Compel Individual Arbitration is fully briefed and noticed for hearing on September 6, 2018. As Comcast believes the Motion should be resolved in its favor and this matter referred to arbitration, Comcast does not anticipate at this time filing any further motions before the Court.

## 5.  AMENDMENT OF PLEADINGS

Comcast has not answered the Complaint, in light of its pending motion to compel arbitration.  The parties do not currently anticipate amending the pleadings to add any parties, claims, other than Plaintiff's consideration of possible common law claims and additional plaintiffs, although discovery may warrant amendment of the pleadings at a later time.

## 6.  EVIDENCE PRESERVATION

The parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7.  INITIAL DISCLOSURES

In light of its pending motion to compel arbitration, Comcast objects to serving initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). For the reasons set forth below, provisions of initial disclosures or the conduct of discovery prior to a determination of arbitrability would deprive the parties of the benefit of their arbitration agreement.

Because *McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017) renders Comcast's motion meritless, Plaintiff believes that initial disclosures should proceed now.

## 8.   DISCOVERY

### 1.   Plaintiff's Statement

No discovery has occurred to date. Comcast has declined to provide initial disclosures based on the claimed merit of its pending motion to compel arbitration. Because that motion is meritless under the law today, discovery should proceed now. Plaintiff intends to serve initial discovery requests. The scope of discovery will include (without limitation): Comcast's practices, procedures, policies, and revenues with respect to the collection, use, and maintenance of users' personal data associated with their devices and viewing and usage histories; Comcast's customer interactions (including its use of standardized forms and customer agreements) concerning the foregoing; the number, location and dates of service of class members; precisely how Comcast uses information to track, profile and target customers; the calculation of damages on a classwide basis; and the identity and contact information of the class members.

No bifurcation of class certification and merits discovery is appropriate here. Class and merits discovery are inextricably intertwined. Bifurcation would invite litigation over the distinction between the two, and inefficiencies in the discovery process—with the same witnesses deposed twice based on where defendants claim the line between class and merits lies, and with the certainty of law and motion work for the parties and the court concerning that distinction.

Comcast's argument that allowing discovery here would deprive Comcast of its arbitration agreement is also flawed because arbitration, if necessary, will result in numerous individual arbitrations with duplicative discovery that in the aggregate will cost Comcast far more than simply doing the common discovery correctly, once, here. Accordingly, there is no benefit to avoiding discovery here.

### 2.   Comcast's Statement

Because Plaintiff agreed to arbitrate his claims, the arbitrator should determine the scope of any discovery that may be relevant to his claims. To permit litigation discovery relevant to Plaintiff's individual claims would deprive the parties of the benefit of their agreement to resolve

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                         - 8 -                    CASE NO. 4:18-cv-01829-HSG

claims through individual arbitration rather than litigation, and would irreparably harm Comcast by the loss of the advantages of arbitration pending determination of its Motion to Compel. *See, e.g.*, *Wuest v. Comcast Cable Commc'ns Mgmt., LLC*, No. 17-CV-04063-JSW, 2017 WL 5569819, at *1 (N.D. Cal. Nov. 20, 2017) (White, J.) (staying action pending appeal of order denying arbitration and finding defendants "would be irreparably injured" without a stay).

## 9.     CLASS ACTIONS

### *Plaintiff's Statement Pursuant to Civil L.R. 16-9(b)*

Plaintiff asserts that class certification is proper under Fed. R. Civ. P. 23(a) as well as Fed. R. Civ. P. 23(b)(3) (or alternatively, under Fed. R. Civ. P. 23(b)(2)). Plaintiff seeks to certify the following class:

> All persons in California with a residential Comcast cable television subscription at any time during the applicable statutory limitations period(s).

Rule 23(a) is satisfied. Plaintiff estimates that the class consists of Comcast's estimated two million California subscribers. Common questions of fact and law include (but are not limited to) whether the personal viewing and demographic data that Comcast collects, maintains, and uses is "personally identifiable information" pursuant to the Cable Privacy Act or "individually identifiable information" pursuant to CIPA; whether Comcast obtains customers' consent to collect, maintain, and use that data; whether Comcast allows subscribers access to that data; and whether Defendant's practices violate the Cable Privacy Act, CIPA, and/or the UCL. Given the uniform nature of the acts and practices, Plaintiff's claims are typical of other class members. Finally, Plaintiffs' counsel are seasoned class action attorneys, have no conflicts with any other members of the Class, and will fairly and adequately represent and protect the interests of the Class.

Class certification is proper under Rule 23(b)(3). As noted above, the practice complained of occurs uniformly with respect to Class Members. A class action is therefore superior to other available methods for fair and efficient adjudication of this controversy.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                   - 9 -                    CASE NO. 4:18-cv-01829-HSG

1    Alternatively, class certification is proper under Rule 23(b)(2). The uniform nature of the

2 challenged acts and practices demonstrates that members of the Class are affected in the same

3 way. Public injunctive relief (*i.e.*, the acquisition of proper consent, the cessation of Comcast's

4 practice until it acquires such consent, the implementation of policies and procedures affording

5 subscribers access to and control over their data, and the destruction of all unlawfully obtained

6 and/or retained data) is necessary to prevent further unlawful and unfair business practices by

7 Defendant.

8    Plaintiff proposes a March 1, 2019 deadline for Plaintiff to move for class certification,

9 provided that Comcast promptly provides its initial disclosures and discovery begins now.

10 **10.** **RELATED CASES**

11    The parties are not currently aware of any other related cases pending before another

12 judge of this court or before another court or administrative body. Plaintiff's counsel, however,

13 recently pursued substantially similar claims on behalf of a different former Comcast subscriber

14 in an individual arbitration proceeding and represent approximately 25 Comcast subscribers

15 residing outside of California who have asserted similar claims that they intend to pursue in

16 separate individual arbitration proceedings around the country.

17 **11.** **RELIEF**

18   **1.**  **Plaintiff's Statement**

19    Plaintiff seeks statewide public injunctive relief (*see* fn. 1), liquidated and statutory

20 damages, punitive damages, attorney's fees, and all other relief deemed proper by the Court.

21   **2.**  **Comcast's Statement**

22    Comcast disputes that Plaintiff is entitled to any damages, restitution, or injunctive relief,

23 under any theory.

24 **12.** **SETTLEMENT AND ADR**

25    There have been no formal efforts to resolve this action. The parties have met and

26 conferred with regard to selecting an ADR process, pursuant to ADR L.R. 3-5. Comcast believes

27 that it is premature to select an ADR process, as Plaintiff should be ordered to resolve his claims

28 through arbitration. The parties have filed a Notice of Need for an ADR Phone Conference.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT   - 10 -   CASE NO. 4:18-cv-01829-HSG

**13.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff declined to have a magistrate judge conduct all further proceedings in this case.

**14.**    **OTHER REFERENCES**

Comcast asserts in its pending Motion to Compel Arbitration that Plaintiff's claims should be resolved through individual arbitration. The parties believe this case is not otherwise suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**15.**    **NARROWING OF ISSUES**

At this stage, the parties are not currently aware of any issues that might be narrowed through stipulation. The parties agree to work together in good faith to identify any such issues as the case progresses.

**16.**    **EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case is suitable for the expedited trial procedure of General Order No. 64.

**17.**    **SCHEDULING**

Comcast believes that setting a complete schedule for management of this case is premature, pending resolution of Comcast's Motion. Plaintiff disagrees because of the apparent lack of merit of Comcast's motion to compel arbitration.

**18.**    **TRIAL**

Plaintiff has demanded a trial by jury. Given that this case is in its early stages, the parties cannot currently estimate the expected length of any trial.

**19.**    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the Certification required by Civil Local Rule 3-15. *See* Dkt. Nos. 9, 13. Plaintiff certified that other than the named parties, there was no interest to report. Comcast's certification identified Comcast Corporation.

**20.**    **PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**21.   OTHER ISSUES**

2

None at this time.

3

Dated: June 12, 2018                          DRINKER BIDDLE & REATH LLP

4

5

By:  /s/ Michael J. Stortz

6

Michael J. Stortz
Matthew J. Adler

7

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS, LLC

8

9

Dated: June 12, 2018                          GALLO LLP
CARNEY, BATES & PULLIAM, PLLC

10

11

By:  /s/ Ray E. Gallo

12

Ray E. Gallo
Hank Bates
Dominic Valerian

13

14

Attorneys for Plaintiff
BRANDON HODGES

15

16

**Attestation Pursuant to Civil Local Rule 5-1(i)**

17

Pursuant to Civil Local Rule 5-1(i), I, Michael J. Stortz, hereby attest that I have obtained

18

concurrence in the filing of this document from the other signatories to this document.

19

I declare under penalty of perjury under the laws of the United States of America that the

20

foregoing is true and correct. Executed this 12th day of June, 2018, in San Francisco, California.

21

22

23

/s/ Michael J. Stortz

Michael J. Stortz

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                      - 12 -                          CASE NO. 4:18-cv-01829-HSG