United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HODGES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>　　　　Defendant. | Case No. 18-cv-01829-HSG<br><br>**ORDER STAYING CASE** |

Defendant Comcast Cable Communications, LLC ("Comcast") removed this putative class action from Alameda County Superior Court on March 23, 2018. Dkt. No. 1. On March 30, 2018, Comcast filed a motion to compel arbitration and stay litigation pending arbitration, based on an allegedly "binding arbitration provision requiring resolution of all claims related to Comcast through an individual arbitration proceeding." Dkt. No. 7 ("Mot."), at 1. Comcast further claims the Court should "stay this action pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA")." *Id.* Plaintiff filed an opposition to the motion on April 13, 2018, *see* Dkt. No. 18 ("Opp."), Defendant replied to that opposition on April 20, 2018, *see* Dkt. No. 19 ("Reply"), and the Court held a hearing on the motion on September 6, 2018, *see* Dkt. No. 43.

**I.　BACKGROUND**

The central dispute on Defendant's motion is whether the Supreme Court of California's recent holding in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), precludes enforcement of the contested arbitration provision. Plaintiff argues the arbitration clause constitutes "a waiver of Plaintiff's right to seek public injunctive relief in any forum, which is unenforceable under *McGill*." *See* Opp. at 5. Defendant argues that *McGill*'s holding "is preempted by the FAA." *See* Reply at 7. But this precise dispute is pending on appeal before the Ninth Circuit in *McArdle v.*

*AT&T Mobility LLC*, No. 09-cv-01117-CW, 2017 WL 4354998 (N.D. Cal. Oct. 2, 2017), *appeal docketed*, No. 17-17246 (9th Cir. Nov. 2, 2017), *Blair v. Rent-A-Ctr., Inc.*, No. 17-02335-WHA, 2017 WL 4805577 (N.D. Cal. Oct. 25, 2017), *appeal docketed*, No. 17-17221 (9th Cir. Oct. 30, 2017), *Tillage v. Comcast Corp.*, No. C-17-6477 VC (N.D. Cal. Feb. 15, 2018), *appeal docketed*, No. 18-15288 (9th Cir. Feb. 22, 2018), and *Roberts v. AT&T Mobility LLC*, No. 15-cv-03418-EMC, 2018 WL 1317346 (N.D. Cal. Mar. 14, 2018), *appeal docketed*, No. 18-15593 (9th Cir. Apr. 6, 2018).

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to issue a stay, courts weigh: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

## III.  DISCUSSION

As to the first factor, the Court finds it unlikely that a stay would cause harm to either party. At the hearing on Defendant's motion, neither party's counsel identified any concrete prejudice to their respective clients from a stay pending guidance from the Ninth Circuit, other than the generalized prospect that resolution of this case could be delayed somewhat. With respect to the second factor, neither party asserts hardship or inequity in being required to go forward. Most significantly, as to the third factor, given that the central dispute before the Court is identical to issues presented in *McArdle*, *Blair*, *Tillage*, and *Roberts*, "guidance from the Ninth Circuit would aid in the orderly, just resolution of this case." *See Leonhart v. Nature's Path Foods, Inc.*,

No. 13-cv-00492-BLF, 2015 WL 3548212, at *4 (N.D. Cal. June 5, 2015). Moreover, it would be inefficient for the Court and the parties to invest resources in litigating a legal issue that may be substantially affected by the decisions in the pending appeals.

Taking all of these factors into account, the Court finds in its discretion that staying this case pending guidance from the Ninth Circuit in *McArdle*, *Blair*, *Tillage*, and *Roberts* best serves the efficient use of party and judicial resources.

## IV. CONCLUSION

This case is ordered STAYED. The parties are ORDERED to provide the Court notice in a joint submission when the Ninth Circuit issues an opinion or memorandum disposition in *McArdle*, *Blair*, *Tillage*, or *Roberts*. If no disposition has issued in any of the four appeals by February 16, 2017, the parties are directed to submit a joint report of no more than two pages on that date regarding the status of the appeals.

**IT IS SO ORDERED.**

Dated: 11/16/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge