UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON HODGES,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC,

    Defendant.

Case No. 18-cv-01829-HSG

**ORDER DENYING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 7

Pending before the Court is Defendant Comcast Cable Communications, LLC ("Comcast")'s motion to compel arbitration, briefing for which is complete. Dkt. Nos. 7, 18, 19. On September 6, 2018, the Court held a hearing on the motion, after which the Court stayed the case pending guidance from the Ninth Circuit in four appeals—*McArdle v. AT&T Mobility LLC*, (No. 17-17246), *Blair v. Rent-A-Center., Inc.*, (No. 17-17221), *Tillage v. Comcast Corp.*, (No. 18-15288), and *Roberts v. AT&T Mobility LLC*, (No. 18-15593)—concerning whether the Federal Arbitration Act ("FAA") preempts the rule announced by the California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017) that an agreement purporting to waive a plaintiff's rights to pursue public injunctive relief in any forum is unenforceable under California law. *See* Dkt. No. 44. The Ninth Circuit recently provided such guidance, ruling in three of the four cases. *See Blair v. Rent-A-Ctr., Inc*, No. 17-17221, 2019 WL 2701333 (9th Cir. June 28, 2019); *Tillage v. Comcast Corp.*, No. 18-15288, 2019 WL 2713292 (9th Cir. June 28, 2019); *McArdle v. AT&T Mobility LLC*, No. 17-17246, 2019 WL 2718474 (9th Cir. June 28, 2019).[1]

In keeping with the Ninth Circuit's rulings, the Court denies Defendant's motion to compel

---

[1] As unpublished Ninth Circuit decisions, *Tillage* and *McArdle* are not precedent, but can be considered for their persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

1 arbitration.  The Ninth Circuit held not only that the FAA does not preempt the *McGill* rule but
2 also upheld a district court's finding that an arbitration clause drafted by Comcast that is
3 substantively identical to the one at issue in this case violated *McGill*'s rule and was thus
4 unenforceable.  *See Blair*, 2019 WL 2701333, at *9 ("We hold that the FAA does not preempt the
5 *McGill* rule."); *Tillage*, 2019 WL 2713292, at *1 (affirming the district court's finding that the
6 agreement "purports to waive plaintiffs' rights to pursue public injunctive relief in any forum and
7 so is unenforceable under California law").  The Ninth Circuit's affirmance in *Tillage* is
8 particularly relevant here, as the court there rejected nearly all of the arguments Comcast presents
9 here to support compelling arbitration.  *Compare* Dkt. No. 19 at 5–14 (arguing that the FAA
10 preempts the *McGill* rule, and that an opt-out clause precludes *McGill*'s application), *with Tillage*,
11 2019 WL 2713292, at *1 (rejecting both arguments).  And Comcast's only other remaining
12 argument is foreclosed by *Blair*.  *Compare* Dkt. No. 19 at 3–5 (arguing that *McGill* does not apply
13 because Plaintiff only asserts claims for public injunctive relief under the UCL, CIPA, and the
14 Cable Act), *with Blair*, 2019 WL 2701333, at *2 (finding that it was sufficient for the plaintiffs to
15 seek a "public injunction" under, among other statutes, the UCL).

16 The motion to compel is thus **DENIED**.  Further, the stay that was ordered on November
17 16, 2018 is lifted.  The Court **SETS** a case management conference on August 13, 2019 at 2:00
18 p.m.  A joint case management statement is due by August 6, 2019.

19 **IT IS SO ORDERED.**

20 Dated: 7/18/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

2