```
1   PAGES 1 - 7
2                    UNITED STATES DISTRICT COURT
3                   NORTHERN DISTRICT OF CALIFORNIA
4          BEFORE THE HONORABLE HAYWARD S. GILLIAM, JR., JUDGE
5   BRANDON HODGES, FOR HIMSELF, AND   )
    ALL OTHERS SIMILARLY SITUATED,     )
6              PLAINTIFFS,             )
                                       ) NO.   C 18-1829 HSG
7     VS.                              )
                                       )
8   COMCAST CABLE COMMUNICATIONS, LLC, )
    A DELAWARE LIMITED LIABILITY       )   OAKLAND, CALIFORNIA
9   COMPANY,                           )
               DEFENDANT.              )   THURSDAY
10                                     )   SEPTEMBER 6, 2018
    _____)   2:00 O'CLOCK P.M.
11
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:**        **GALLO LLP**
                           1604 SOLANO AVENUE, SUITE B
                           ALBANY, CALIFORNIA 94707
                       **BY: DOMINIC R. VALERIAN, ESQUIRE**


**FOR DEFENDANT:**         **AKIN GUMP STRAUSS HAUER & FELD**, LLP
                           TWO COMMERCE SQUARE
                           2001 MARKET STREET, SUITE 4100
                           PHILADELPHIA, PA 19103
                       **BY: MICHAEL W. MCTIGUE, JR., ESQUIRE**


*REPORTED BY:   KATHERINE WYATT, CSR 9866, RMR, RPR*

```
 1   SEPTEMBER 6, 2018                          2:00 O'CLOCK P.M.
 2
 3                         P R O C E E D I N G
 4         THE CLERK:  WE'RE CALLING 18-1829, HODGES VERSUS
 5   COMCAST CABLE COMMUNICATION, LLC.
 6         PLEASE STEP FORWARD AND STATE YOUR APPEARANCES
 7   FOR THE RECORD, PLEASE.
 8         MR. MCTIGUE:  GOOD AFTERNOON, YOUR HONOR.
 9   MICHAEL MCTIGUE, AKIN GUMP, FOR COMCAST.
10         THE COURT:  ALL RIGHT.  GOOD AFTERNOON,
11   MR. MCTIGUE.
12         THE CLERK:  PLAINTIFFS' COUNSEL, YOU NEED TO
13   STATE YOUR APPEARANCE.
14         MR. VALERIAN:  GOOD MORNING YOUR HONOR.  DOMINIC
15   VALERIAN FOR PLAINTIFFS.
16         THE COURT:  GOOD AFTERNOON, MR. VALERIAN.  ALL
17   RIGHT.  WE'RE HERE FOR A HEARING ON THE MOTION TO COMPEL
18   ARBITRATION.
19         I'VE REVIEWED THE PAPERS AND OBVIOUSLY THERE IS
20   A DECISION I'LL HAVE TO MAKE AS TO WHETHER I AGREE WITH ONE
21   SET OF MY COLLEAGUES OR THE OTHER ON THIS QUESTION.  BUT
22   THE OBVIOUS ISSUE THAT OCCURRED TO ME IS THAT EVERYONE
23   ACKNOWLEDGES THAT THIS EXACT ISSUE IS BEFORE THE NINTH
24   CIRCUIT RIGHT NOW IN FOUR CASES.
25         WHY SHOULD I NOT JUST STAY AND WAIT UNTIL THE
```

```
 1   NINTH CIRCUIT DECIDES THE ISSUE AND PROCEED FROM THERE?
 2          MR. MCTIGUE:  YOUR HONOR, I THINK THE NINTH
 3   CIRCUIT IS GOING TO DIRECTLY ADDRESS, MOST LIKELY, THE
 4   PREEMPTION ISSUE.  WE DO NOT BELIEVE YOU NEED TO REACH THAT
 5   ISSUE IN ORDER TO DECIDE OUR MOTION.  ON ITS FACE, WE DO
 6   NOT BELIEVE THE PLEADING SEEKS PUBLIC INJUNCTIVE RELIEF.
 7          THE RELIEF SOUGHT IN THIS MATTER IS, ON ITS FACE
 8   AND AS PLED, REALLY CLASS SPECIFIC.  IT SEEKS TO ENJOIN
 9   COMCAST.
10          THE COURT:  WAIT.  HOLD ON.  JUDGE CHHABRIA'S
11   CASE, IT STRUCK ME, RAISES ALL OF THE ISSUES YOU'VE
12   PRESENTED HERE, DOESN'T IT?
13          MR. MCTIGUE:  IN THAT CASE THERE WAS NO POSITION
14   TAKEN THAT THE RELIEF REQUESTED WAS NOT A PUBLIC
15   INJUNCTION.  COMCAST DID NOT TAKE THE POSITION IN THAT CASE
16   THAT THE RELIEF REQUESTED WAS NOT A PUBLIC INJUNCTION.  IN
17   THIS CASE -- AND THAT CASE DEALT WITH ADVERTISEMENTS,
18   GENERALLY, TO THE PUBLIC THAT THEY SOUGHT TO ENJOIN.
19          THIS CASE THE RELIEF SOUGHT IS SPECIFIC TO
20   COMCAST CABLE SUBSCRIBERS.  IT IS CLASS RELIEF THAT THEY
21   ARE SEEKING, NOT RELIEF FOR THE BENEFIT OF THE PUBLIC AT
22   LARGE.
23          THE COURT:  HASN'T MCGILL DIRECTLY SAID THAT AS A
24   MATTER OF CALIFORNIA LAW THIS IS PUBLIC INJUNCTIVE RELIEF?
25          MR. MCTIGUE:  NO, YOUR HONOR.  IN FACT, MCGILL
```

1 SAYS THERE'S A DIFFERENCE BETWEEN RELIEF THAT IS SOUGHT

2 THAT IS CLASS SPECIFIC FOR A SUBSET OF PLAINTIFFS AND

3 PUTATIVE CLASS MEMBERS VERSUS RELIEF THAT IS SOUGHT LARGELY

4 FOR THE BENEFIT OF THE PUBLIC AT LARGE.

5     **THE COURT:** WHERE IN MCGILL DO YOU DRAW THAT.

6     **MR. MCTIGUE:** IT'S CITED IN OUR PAPERS WHERE

7 MCGILL DISCUSSES THE DIFFERENCE BETWEEN PUBLIC INJUNCTIVE

8 RELIEF AND PRIVATE RELIEF.  I'LL TRY TO FIND THAT FOR YOU,

9 THE CITATION.

10    IT'S, YOUR HONOR, AT PAGE 90.  SO MCGILL NOTES

11 THE DIFFERENCE BETWEEN THE TYPE OF RELIEF THAT'S SOUGHT.

12 AND IT SAYS:

13        "PUBLIC INJUNCTIVE RELIEF IS RELIEF THAT HAS

14 THE PRIMARY PURPOSE AND EFFECT OF PROHIBITING UNLAWFUL ACTS

15 THAT THREATEN FUTURE INJURY TO THE GENERAL PUBLIC."

16    **THE COURT:** OKAY.  IT'S PAGE 90.

17    **MR. MCTIGUE:** NINETY, YOUR HONOR, YES.

18    **THE COURT:** THE CASE IS 2 CAL FED 945. SO WHAT DO

19 YOU MEAN 90?

20    **MR. MCTIGUE:** I'M SORRY.  393 PACIFIC 3RD 90 IS

21 WHAT I'M LOOKING AT.

22    **THE COURT:** SO WHAT'S THE CITE TO THE CALIFORNIA

23 REPORTER PAGE?

24    **MR. MCTIGUE:** I'M SORRY.  I DON'T HAVE THAT IN MY

25 PAPERS.

| | |
|---|---|
| 1 | **THE COURT:** ALL RIGHT. SO LET ME STOP YOU. |
| 2 | **MR. MCTIGUE:** OKAY. |
| 3 | **THE COURT:** GOING BACK TO MY INITIAL QUESTION, YOU ARE SEEKING AN ORDER COMPELLING ARBITRATION AND STAYING OR DISMISSING THIS MATTER. CORRECT? |
| 6 | **MR. MCTIGUE:** CORRECT. |
| 7 | **THE COURT:** PART OF THE RELIEF THAT YOU'RE SEEKING IS A STAY. |
| 9 | **MR. MCTIGUE:** PENDING ARBITRATION. |
| 10 | **THE COURT:** WHY WOULD YOU OPPOSE A STAY PENDING RESOLUTION OF AT LEAST SOME, IF NOT ALL, OF THE ISSUES THAT ARE IMPLICATED IN THE PENDING APPEALS? |
| 13 | **MR. MCTIGUE:** YOUR HONOR, I THINK COURTS TRY TO AVOID CONSTITUTIONAL QUESTIONS, IF THEY CAN. THE PREEMPTION ISSUE THAT IS BEFORE THE NINTH CIRCUIT IS A CONSTITUTIONAL QUESTION. WE ARE JUST SAYING ON THE FACE OF THE PLEADING AND WHAT'S AT ISSUE HERE THIS COURT NEED NOT ADDRESS, NEED NOT GET TO THE CONSTITUTIONAL QUESTION OF PREEMPTION, WHICH IS WHAT THE NINTH CIRCUIT IS DEALING WITH. |
| 21 | **THE COURT:** WHAT WOULD BE THE PREJUDICE TO YOUR CLIENT FROM A STAY PENDING RESOLUTION OF THE APPEALS. |
| 23 | **MR. MCTIGUE:** THERE WOULDN'T BE, YOUR HONOR, IF THAT'S THE WAY THE COURT WOULD LIKE TO GO. THERE REALLY WOULDN'T BE. |

1    **THE COURT:** ALL RIGHT. FAIR ENOUGH.
2    MR. VALERIAN, WHAT IS YOUR POSITION ON THE
3    QUESTION OF A STAY PENDING RESOLUTION OF THE APPEALS?
4    **MR. VALERIAN:** WE WOULD PREFER NOT TO HAVE THE
5    CASE STAYED. IN THE EVENT THAT WE LOSE FOR SOME OTHER
6    REASON, OTHER THAN ON THE PREEMPTION ISSUE, WE'D LIKE TO BE
7    ABLE TO GET A SEPARATE APPEAL GOING AND MOVE THE CASE
8    FORWARD.
9    WE ALSO THINK THAT WE SHOULD PREVAIL AND BE ABLE
10   TO PROCEED WITH DISCOVERY.
11   **THE COURT:** OKAY. WHAT PARTICULAR ISSUES ARE
12   PRESENTED HERE THAT WOULD NOT BE -- LET ME PUT IT IN THE
13   REVERSE WAY.
14   YOU WOULD AGREE THAT ONE OF THE ISSUES THAT IS
15   AT STAKE IN THIS CASE IS THE PREEMPTION ARGUMENT. CORRECT?
16   **MR. VALERIAN:** THAT'S CORRECT.
17   **THE COURT:** THE EXACT SAME PREEMPTION ARGUMENT
18   THAT IS BEFORE THE NINTH CIRCUIT AND THE APPEALS. RIGHT?
19   **MR. VALERIAN:** AGREED.
20   **THE COURT:** SO WHETHER I NEED TO GET TO IT OR
21   NOT, WOULDN'T THE RESOLUTION OF THOSE APPEALS AT LEAST TELL
22   ME THE ANSWER ON THAT QUESTION?
23   **MR. VALERIAN:** YES.
24   **THE COURT:** SO WHAT WOULD BE THE PREJUDICE TO
25   YOUR CLIENT FROM A STAY PENDING RESOLUTION OF THE APPEALS?

| | |
|---|---|
| 1 | **MR. VALERIAN:** I THINK IT'S JUST POTENTIAL DELAY. |
| 2 | IF THE CASE WERE TO BE RESOLVED ON A DIFFERENT ISSUE THAN |
| 3 | PRESUMPTION. IF WE PROCEED WITH THAT NOW, WE COULD -- I |
| 4 | MEAN, COMCAST IS PROBABLY GOING TO APPEAL NO MATTER WHAT. |
| 5 | **THE COURT:** AS WOULD YOU, WOULDN'T YOU? |
| 6 | **MR. VALERIAN:** RIGHT. |
| 7 | **THE COURT:** YOU WOULD SEEK MANDAMUS. |
| 8 | **MR. VALERIAN:** LIKELY SO. SO THE APPEAL WOULD BE |
| 9 | PENDING NOW AS OPPOSED TO THE POSSIBILITY OF WAITING UNTIL |
| 10 | THE RESOLUTION OF THIS PREEMPTION ISSUE, AND THEN, YOU |
| 11 | KNOW, BEGINNING A SEPARATE APPEAL OF THESE ISSUES THAT |
| 12 | HAVEN'T YET BEEN ADDRESSED. |
| 13 | SO I WOULD SUPPOSE WE WOULD LIKE TO GET GOING ON |
| 14 | THE APPEAL OF THOSE ISSUES THAT HAVEN'T BEEN ADDRESSED, OR |
| 15 | THAT ARE NOT GOING TO BE ADDRESSED BY THE NINTH CIRCUIT. |
| 16 | **THE COURT:** WHAT IS THE CONCRETE PREJUDICE OTHER |
| 17 | THAN THE ARGUMENT THAT ALWAYS EXISTS, WHICH IS THAT YOU'D |
| 18 | LIKE TO GET AN ANSWER SOONER RATHER THAN LATER? |
| 19 | **MR. VALERIAN:** THAT'S ALL. |
| 20 | **THE COURT:** OKAY. SUBMITTED? |
| 21 | **MR. MCTIGUE:** THANK YOU. |
| 22 | **MR. VALERIAN:** SUBMITTED. |
| 23 | (THEREUPON, THIS HEARING WAS CONCLUDED.) |

STENOGRAPHY CERTIFICATION
"I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
SEPTEMBER 19, 2019
/S/KATHERINE WYATT