Pages 1-9

```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND DIVISION


BRANDON HODGES, for himself, and  ) Case No.  18-cv-01829-HSG
all others similarly situated,    )
                                  ) Oakland, California
            Plaintiff,            ) Courtroom 2, 4th Floor
                                  ) Tuesday, August 13, 2019
      vs.                         )
                                  )
COMCAST CABLE COMMUNICATIONS,     )
LLC, a Delaware limited           )
liability company, and DOES       )
1-50, inclusive,                  )
                                  )
            Defendants.           )
_____)


      TRANSCRIPT OF INITIAL CASE MANAGEMENT CONFERENCE
        BEFORE THE HONORABLE HAYWOOD S. GILLIAM, JR.
              UNITED STATES DISTRICT COURT JUDGE
```

APPEARANCES:

For Plaintiff:                DAVID SLADE, ESQ.
                              Carney, Bates & Pulliam, PLLC
                              519 West 7th Street
                              Little Rock, Arkansas 72201
                              (501) 312-8500

                              DOMINIC VALERIAN, ESQ.
                              Gallo LLP
                              1604 Solano Avenue, Suite B
                              Berkeley, California 94707
                              (415) 257-8800

For Defendants:               MICHAEL W. McTIGUE, JR., ESQ.
                              Akin Gump Strauss Hauer & Feld LLP
                              Two Commerce Square
                              2001 Market Street, Suite 4100
                              Philadelphia, Pennsylvania 19103-7013
                              (215) 965-1200


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1  APPEARANCES:  (Continued)

 2  For Defendants:
                             MICHAEL J. STORTZ, ESQ.
 3                           Akin Gump Strauss Hauer & Feld LLP
                             580 California Street, Suite 1500
 4                           San Francisco, California 94104-1036
                             (415) 765-9500
 5
    Transcription Service:   Peggy Schuerger
 6                           Ad Hoc Reporting
                             2220 Otay Lakes Road, Suite 502-85
 7                           Chula Vista, California 91915
                             (619) 236-9325
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1    OAKLAND, CALIFORNIA  TUESDAY, AUGUST 13, 2019  2:12 P.M.
2                              --oOo--
3         THE CLERK:  We're calling C-18-1829, Hodges v. Comcast
4    Cable Communications, LLC.  Please step forward and state your
5    appearances for the record, please.
6         MR. McTIGUE:  Good afternoon, Your Honor.  Michael
7    McTigue and Michael Stortz from Akin Gump for Comcast.
8         THE COURT:  Good afternoon, Mr. McTigue.
9         MR. SLADE:  Good afternoon, Your Honor.  David Slade
10   from Carney, Bates & Pulliam for the Plaintiffs, along with my
11   colleague, Dominic Valerian of Gallo LLP.
12        THE COURT:  Good afternoon, Mr. Slade.  Let's see.  So
13   this is our case management conference matter.  The motion to
14   compel has been denied.  I reviewed the statement and it seems to
15   me there are a few issues to deal with.  One is the motion to
16   stay, and I don't think we would argue the motion to stay today,
17   but I think we ought to accelerate the hearing on that so we can
18   get a decision and then you can know where we're heading.
19      My proposal would be that we set the hearing for that for
20   September 26th.  Are the parties available on that date?
21      (Pause.)
22        MR. SLADE:  Somebody from our side certainly will be,
23   Your Honor.
24        MR. McTIGUE:  Yes, Your Honor.
25        THE COURT:  Okay.  So let's set the hearing on the

1  motion to stay for that day.  We're essentially advancing it from
2  January.
3      Now, in the interim, I guess there are a couple other
4  questions.  I understand that the Defendant, given the pendency of
5  the motion to stay, doesn't want to make initial disclosures.  I
6  get that to the extent the issue is this broad class type
7  disclosure.  But why wouldn't it make sense at least with regard
8  to the individual Plaintiff to just make the initial disclosure?
9  It's the kind of thing you would have to disclose in arbitration
10 anyway.
11         MR. McTIGUE:  We have no objection to that.
12         MR. SLADE:  That sounds great, Your Honor.
13         THE COURT:  So why don't we do that.  And then the -- I
14 think that's at least something that can be advanced while we're
15 waiting to resolve the question of the stay.
16     And then with regard to the issues on appeal, it struck me
17 that one of them was essentially just the issue of whether *McGill*
18 precludes enforcement of the arbitration provision and that's the
19 -- one of the issues that the Ninth Circuit dealt with in those
20 cases.  I understand that Defendants are continuing to seek *en*
21 *banc* in those, and that's understood.
22     It seemed to me, though, the second issue is -- was a
23 pleading-framed issue, and that is that the Plaintiffs didn't
24 allege a claim for public injunctive relief properly.  And with
25 regard to that one, whether it's true or not, it struck me isn't

1  that one where if the Ninth Circuit were to go with the
2  Defendants, all they would say is it's remanded to give them the
3  chance to plead it.
4     How would that result in dismissal without leave?  And where
5  I'm going with this is if that's the ultimate end point on that
6  one, it looked to me as though in some of these other Comcast
7  cases, the plaintiffs just amended the complaint to say that.
8  Now, who knows what the impact of the appeal is on that, but I
9  just wonder there if there's any purpose served by waiving when
10 the obvious result is there will be leave to amend and we'll be
11 back here anyway.
12          MR. McTIGUE:  That's a great question.  We think here
13 it's impossible for them to plead around this.  Because what
14 they're seeking is relief for Comcast subscribers based on
15 disclosures in the Privacy Policy to Comcast subscribers.  They're
16 not seeking any relief for the general public.  This isn't like an
17 advertising case where somebody goes in and maybe the general
18 public is misled about something, a product or a service that a
19 company is offering.
20    This is directed solely at the class and relief for the
21 class.  Courts that have looked at that looked at this situation,
22 under similar circumstances said, You don't -- you can't plead in
23 those circumstances a public injunction.
24    What they've done here is they just want to get out from the
25 arbitration, so they in name only said they're seeking a public

1  injunction.  If you actually look at the case management statement
2  that they provided, the footnote, they -- very, very clear here in
3  this footnote.  It's Footnote -- I believe it's Footnote 4 if I'm
4  correct here -- let me just double-check that -- Footnote 2 -- I'm
5  sorry.
6       And he says -- they say here, "Specifically, Plaintiff seeks
7  injunctive relief requiring Comcast to clearly and conspicuously
8  notify its cable subscribers in writing, at the requisite times,
9  of the period during which it maintains their personal data; to
10 cease using its cable system to collect subscriber data without
11 express  consent;  and  to  destroy  all  personal  data  for
12 subscribers."
13      That's  -- this case is about subscribers of Comcast.  It
14 doesn't deal with the general public.  And I don't think they can
15 plead around that.  If you want to give them leave now to try to
16 do that, we're okay with that.  We don't think that will be
17 successful.  But that's our position.
18           THE COURT:  All right.  But do you -- to the point you
19 just made, do you disagree that notwithstanding the pendency of
20 the appeal, I could give the Plaintiffs an opportunity to amend to
21 add whatever allegations that they think would satisfy the
22 standard?
23           MR. McTIGUE:  If Your Honor wants to give them that
24 shot, we -- that's fine with us, so --
25           THE COURT:  It just -- it strikes me that it then cuts

1  to the chase and my only potential concern is that that obviously
2  is one of the issues that is involved in the appeal, and so do I
3  have jurisdiction even to do that?
4          MR. SLADE:  Well, Your Honor, I would submit to you also
5  that, you know, we may not necessarily amend because the relief
6  that we seek, regardless of my colleague's characterization of it,
7  is completely on all fours with the relief that was sought and
8  blessed by *Blair*.  That was involving prospective Rent-A-Center
9  customers trying to enjoin Rent-A-Center from violating the
10 Karnette Act, as well as the UCL and the CLRA moving forward.
11     And, you know, there is no injunction providing relief for
12 anybody who is not a Rent-A-Center customer either now or in the
13 future under the relief that was contemplated by *Blair*, so we're
14 quite confident that our public injunctive relief claims are
15 soundly pled.  The relief that we seek is prospective and inures
16 to the benefit of the public, as the Ninth Circuit contemplates.
17     So, you know, we're happy to amplify that if an amendment
18 makes sense.  I take Your Honor's point about the jurisdictional
19 issue.  I do.  But I agree with Your Honor that ultimately this is
20 a Rule 12 issue.  This is a pleadings issue.  So how that washes
21 out, you know, we believe that our pleadings are sufficient but,
22 if they're not, we take Your Honor's point that eventually this
23 will result in an amendment.
24          THE COURT:  All right.  Although what I think I hear
25 Defendant to be saying is that your argument in the Ninth Circuit

1  will be that they've pled themselves out of doing it any other
2  way, that based on what's already been alleged, there's no way to
3  reframe it, and either the Ninth Circuit will agree with that or
4  not, that maybe it just makes sense to leave it as is in this
5  court and then see what the ramifications of it may be.
6           MR. SLADE:  Certainly I think that that makes the most
7  sense just because we're on a pass with the appeal right now, and
8  upsetting that may end up just, you know, having downstream
9  ramifications that we can't foresee.
10          THE COURT:  Okay.  That makes sense to me.  And so then
11 it seems to me then the question is what we do with the case in
12 the interim between now and the hearing on the motion to stay.
13 And it strikes me that the most sensible approach there is for you
14 to make the initial disclosure that we talked about as to the
15 individual, but otherwise table things until I have a chance to
16 make that decision.
17      Do the parties agree with that?
18          MR. SLADE:  That sounds great, Your Honor.
19          MR. McTIGUE:  Yes, Your Honor.
20          THE COURT:  Okay.  All right.  Those are the things that
21 I had.  Is there anything else?  It seems to me that if those
22 issues are worked out, then we've got a plan as to what happens
23 between now and September 26th and then we've got a plan for what
24 happens on September 26th.
25          MR. SLADE:  That makes good sense.  And, Your Honor, to

1  that end, we also discussed in our portion that we would propound
2  discovery.  I assume that that would be tabled until the motion?
3              THE COURT:  Exactly.
4              MR. SLADE:  Super.  Okay.
5              THE COURT:  Anything further for you?
6              MR. SLADE:  I don't believe so.
7              MR. McTIGUE:  Not from Defendant.
8              THE COURT:  Okay.  I'll see you on the 26th of
9  September.
10             MR. McTIGUE:  Thank you, Your Honor.
11             MR. SLADE:  Thank you, Your Honor.
12         (Proceedings adjourned at 2:22 p.m.)
13
14         I, Peggy Schuerger, certify that the foregoing is a
15 correct transcript from the official electronic sound recording
16 provided to me of the proceedings in the above-entitled matter.
17
18  _____              September 30, 2019
    Signature of Approved Transcriber           Date
19
20 Peggy Schuerger
   Typed or Printed Name
21 **Ad Hoc Reporting**
   Approved Transcription Provider
22 for the U.S. District Court,
   Northern District of California
23
24
25